[No. 1698.  Decided June 4, 1895.]

DEXTER HORTON, *Appellant*, v. THOMAS HALEY *et al.*, *Respondents*.

ESTOPPEL — RECITALS IN MORTGAGE — INDIVIDUAL LIABILITY OF COR- PORATE TRUSTEES.

The fact that the payee of a promissory note, which on its face binds the makers individually, subsequently accepts a mortgage upon corporate realty, executed by the same parties as trustees of a corporation to secure the payment of the note, will not estop the payee from enforcing the individual liability of the makers, although the mortgage recites that the loan was procured and the note given in behalf of the corporation.

*Appeal from Superior Court, Kittitas County.*

*W. S. Smith*, for appellant.

*E. Pruyn*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—The controversy in this action arises over a promissory note executed by the respondents to

the appellant.  The respondents were trustees for the
Kittitas Agricultural Association, and obtained the
loan in question to use for corporation purposes.   The
note was signed by the respondents individually, and
the corporation was not mentioned therein.   Some-
time after the note was executed a mortgage was given
upon the fair grounds belonging to the corporation, to
secure its payment.   The appellant resided at a dis-
tance, and the loan in question was negotiated through
an agent at Ellensburgh, where the respondents lived
The mortgage recited that a resolution had been
passed authorizing the trustees aforesaid to borrow the
sum of $2,500, that being the amount specified in the
note; and also that the note, which it had been given
to secure, had been signed by all the trustees of the
association.   The plaintiff brought this action to fore-
close the mortgage and recover a judgment against
the respondents individually, in case of a deficiency.
The court decreed a judgment of foreclosure, but re-
fused to allow a judgment for a deficiency, and the
plaintiff appealed therefrom.

It is contended by the respondents that, although
the note upon its face bound them individually, the
plaintiff is estopped from claiming any individual
liability in consequence of having accepted the mort-
gage which showed that the loan was obtained for the
corporation.   It is also contended by the respondents
that it was understood at the time the loan was ob-
tained and the note executed that the respondents
were not to be liable individually, and that making
them so liable upon the note was a mutual mistake on
the part of all the parties thereto.

The testimony is conflicting upon the proposition as
to what the understanding was.   Shoudy, who was the
agent of the plaintiff in making the loan, and Gaby,

who was an attorney acting for both parties, and one of the respondents testified, that it was understood that the respondents were to bind themselves individually, and that they could not obtain the money otherwise. This is strengthened by the fact that the note was executed and the money obtained sometime before the mortgage was executed.

A number of other questions have been raised upon the appeal, which will not be considered as we are satisfied the respondents have failed to establish a defense under the proofs. The case presented here is not so strong in their behalf as was that of *Barnes v. Packwood et al.*, a portion of these same respondents, heretofore decided by this court (10 Wash. 50, 38 Pac. 857). In that case the note specified that it was for the use of the Agricultural Fair Association. In this case there was nothing upon the face of the note to indicate that there was such a corporation in existence; and the fact that the mortgage was executed sometime after and sent to the plaintiff and was accepted by him, and that it recites the matters aforesaid, cannot be held to work an estoppel. There was nothing ambiguous about the note. It was joint and several in form, and there was no ear-mark of any kind to show that the respondents intended to bind some one else than themselves, or that they were acting in a representative capacity only. There was no agreement that they were not to be bound individually, unless the mortgage contained one. It was not at all inconsistent with their action in giving the mortgage that they should also make themselves personally liable upon the note. In the former case this court entered into an exhaustive discussion of the proofs, and as this case is not as strong a one in favor of the respondents, it is not desirable to set forth the testimony at length.

The judgment must be reversed with a direction to render judgment in favor of the appellant for the amount claimed.

HOYT, C. J., ANDERS, DUNBAR and GORDON, JJ., concur.